IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP WASHINGTON,

        Plaintiff,

v.                                            Case No. 21-1117-JWB

LAURA HOWARD, et al.

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss (Docs. 8 and 10).  The motions have been fully briefed and are ripe for decision.  (Docs. 9, 11, 13, 14, 15, and 16.)  For the reasons set forth herein, Defendants' motions are GRANTED.

**I.**    **Background**

Plaintiff Phillip Washington brings this pro se civil rights complaint under *Bivens*[1] based on events surrounding a child-support hearing conducted in Case No. 2013-DM-000285 in the District Court of Ford County, Kansas, on March 11, 2021.  (Doc. 1 at 6.)  At the hearing, Plaintiff challenged Ford County District Judge Laura Lewis' authority and jurisdiction.  Eventually, the judge found Plaintiff in contempt and ordered he be taken into custody and held at the Ford County Jail.  Plaintiff remained in jail for a total of five days.  (*Id*.)

Plaintiff filed this Complaint on April 29, 2021.  (*Id*. at 1.)  In his Complaint, Plaintiff argues that Defendants Laura Howard, Elizabeth Cohn, Bill Carr, Jeff Davis, and Judge Laura Lewis—in their official capacities—violated his Fourth, Thirteenth, and Fourteenth Amendment

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

rights by taking him into custody at the child-support hearing. (*Id.* at 1-3.) Plaintiff requests the following remedies: (1) an order prohibiting Defendants Howard and Cohn from providing "IV-D" services in Kansas; (2) monetary damages for his time spent in Ford County Jail; (3) repayment of child support payments he had previously paid to "CSE"; (4) legal fees and costs associated with these proceedings; and (5) apology letters from each defendant. (*Id.* at 5.)

## II.    Standards

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). A factual attack allows parties to "go beyond allegations in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). When reviewing a factual attack, the court may consider affidavits and other

documents to resolve disputed jurisdictional facts without converting the motion to a summary judgment motion. *Id.*

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

## III.    Analysis

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). After liberally construing Plaintiff's Complaint, the court finds that the claims against Defendants Carr, Davis, and Judge Laura Lewis are barred under the *Rooker-Feldman*[2] doctrine. The court further finds that Defendants Howard and Cohn are entitled to sovereign immunity.

---

[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

A.    *Rooker-Feldman* **Doctrine**

Plaintiff fails to controvert Defendants' arguments that this court lacks subject matter jurisdiction over his claims.  Defendants Carr—the Ford County Sherriff—and Davis—bailee for the state court proceedings—argue this court lacks subject matter jurisdiction over the claims under the *Rooker-Feldman* doctrine.  (Doc. 11 at 4.)  Plaintiff responds by arguing that the Defendants are somehow federal contractors—not state actors and that the *Rooker-Feldman* doctrine does not apply.  (Doc. 13 at 4-6.)

The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted).  "The essential point is that barred claims are those complaining of injuries caused by state-court judgements.  In other words, an element of the claim must be that the state court wrongfully entered its judgment."  *Campbell v. City of Spencer*, 682 F.3d 1278, 1280 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, Plaintiff is claiming injury from state court rulings and is asking this court to change those rulings.  He insists that the state district judge had no right to hold him in contempt, and certainly no right to have him placed in jail.  (Doc. 1 at 6.)  Additionally, Plaintiff requests this court order he be repaid for previous child support payments.  However, these claims are "inextricably intertwined" with the state court decisions because they "assert injuries based on the [state court decisions] and, for [him] to prevail, would require the district court to review and reject those [decisions]."  *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007).  This deprives the court of subject matter jurisdiction over Plaintiff's claims because they either seek to overturn

the state court decisions or pursue damages from these Defendants for actions taken in compliance with those decisions.  Accordingly, Plaintiff's claims against Defendants Carr, Davis, and Judge Laura Lewis[3] in their official capacities are dismissed for lack of jurisdiction.

### B.     Eleventh Amendment Immunity

Moving to the remaining defendants, Plaintiff fails to rebut assertions that this court lacks subject matter jurisdiction by way of the Eleventh Amendment.  First, Defendants Howard and Cohn, both employees of the Kansas Department for Children and Families, argue that "since *Bivens* only applies to cases brought against federal employees," this court lacks jurisdiction over the claims brought against them.  (Doc. 9 at 5.)  Moreover, they argue that "DCF is a state agency that is immune to Plaintiff's Complaint under the Eleventh Amendment."  (*Id*. at 5.)  In response, Plaintiff argues that the *Bivens* claim is proper because Defendants are federal contractors.  (Doc. 13 at 4-6.)  Plaintiff offers no basis to refute Defendants' assertion of Eleventh Amendment Immunity.

"It is well settled that the Eleventh Amendment, in the absence of consent, bars suit against the state or one of its agencies or departments in federal court."  *Barger v. State of Kan*., 620 F. Supp. 1432, 1434 (D. Kan. 1985).  This immunity extends to state officials acting in their official capacities because "a suit against a state official in his or her official capacity . . . is no different than a suit against the State itself."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff offers no meaningful rebuttal to the fact that these Defendants were employees of the Kansas Department for Children and Families, a Kansas agency, acting in their official capacities at the time of the alleged events.  Plaintiff has not identified any facts or basis

---

[3] Moreover, the court notes that Judge Laura Lewis is entitled to absolute immunity from civil damages in the performance of her judicial duties.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  This immunity even attaches when the action the judge took was in error, was done maliciously, or exceeded the judge's authority.  *Id*. at 356.

for finding a waiver of sovereign immunity by the State of Kansas, its agencies, or the relevant officials.  Instead, Plaintiff doubles down on his assertions that these Defendants are federal contractors under *Bivens* and other nonsensical interpretations of the law.  (*See generally* Doc. 13.)  Accordingly, Plaintiff's claims against Defendants Howard and Cohn, in their official capacities, are dismissed for lack of jurisdiction.

### C.     Failure to State a Claim under 42 U.S.C. §1983

Finally, in his response to the motions to dismiss, Plaintiff suggests that his claims arise under 42 U.S.C. § 1983.  (Doc. 13.)  Even if the court were to liberally construe Plaintiff's claims against Defendants Howard and Cohn as claims against them in their individual capacities under § 1983, the allegations in the complaint fail to state a claim.  The allegations in the complaint do not even mention Cohn, and the only allegation against Howard is that she is the head of the relevant agency.  These allegations do not even amount to a "a formulaic recitation of the elements of a cause of action," *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d at 1216, much less establish entitlement to relief.  Accordingly, the complaint fails to state a claim against Howard or Cohn.

### IV.    Conclusion

Defendants'[4] motions to dismiss (Docs. 8 and 10) are GRANTED.  Plaintiff's Complaint is hereby DISMISSED for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted.  The clerk is directed to enter judgment accordingly.

---

[4] The court notes that Judge Laura Lewis was never served in the present matter.  Moreover, Plaintiff fails to allege any facts or basis for finding Judge Lewis waived her absolute judicial immunity.  *See e.g., Fletcher v. Tymkovich,* 786 F. App'x 826, 828 (10th Cir. 2019) (a judge acting in his or her judicial capacity is immune from suit unless the judge acts clearly without any colorable claim of jurisdiction).  Accordingly, any official capacity claim against Judge Lewis is dismissed.

IT IS SO ORDERED this 7th day of February, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE